No. 13531

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

DELOY DENNING and LEW CADY,

                    Petitioners,

        -vs-

MISSOULA CITY AND COUNTY LOCAL
GOVERNMENT STUDY COMMISSION et al.,

                    Respondents.

_____

Appeal from:   District Court of the Fourth Judicial District,
               Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

     For Petitioners:

          Robert L. Deschamps III, County Attorney, Missoula, Montana
          Fred C. Root, Missoula, Montana
          Milodragovich, Dale & Dye, Missoula, Montana

     For Respondents:

          Garnaas, Hall, Riley and Pinsoneault, Missoula, Montana

     For Amicus Curiae:

          Mae Nan Ellingson, Missoula, Montana

          Submitted on briefs.

_____

                              Submitted:  May 11, 1977
                              Decided: AUG 8 1977


Filed: AUG

_____ Thomas J. Kearney _____
                                        Clerk

Mr.Justice Gene B. Daly delivered the Opinion of the Court.

Appeal from judgment of the district court, Missoula County. On May 11, 1976, the Missoula City and County Local Government Study Commission contracted with the Kathleen Walford Senior Citizen's Center to conduct a voter attitude survey after the June 1, 1976 election and authorized an expenditure of $1,000 for this purpose. The proposal submitted by the study commission was defeated in the June 1 election. On June 15, 1976, Deloy Denning and Lew Cady, respondents here, secured a writ of prohibition directing the study commission to desist from proceeding further with this survey which would result in the $1,000 expenditure. On June 28, 1976 a show cause hearing was held. On July 21, 1976, the district court entered judgment making the writ of prohibition permanent. From this judgment the study commission appeals. Respondents filed no brief and no oral argument was had.

The only issue on appeal is whether the study commission had the authority to contract before the election to spend $1,000 for a voter attitude survey to be taken after the election at which the proposed charter was defeated. Yet, this was not a consideration when the contract was entered into.

Respondents contend the $1,000 expenditure by the study commission is unlawful in that the purpose of the expenditure is not set out in section 16-5104, R.C.M. 1947, and the spending of such funds are not authorized by section 16-5105, R.C.M. 1947.

Statutes governing local government study commissions were enacted by the Montana Legislature in 1974 by the passage of approximately 35 new sections to implement the creation of the study commissions.

Respondents claim section 16-5105 granted the study commission the power to submit one proposal to the electors and when this proposal had been submitted the commission's job was over. This interpretation, however, is in direct conflict with section 16-5108, R.C.M. 1947, which specifically states:

"All study commissions shall terminate June 30, 1977."

"* * * In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it. (Section 93-401-16, R.C.M. 1947)." City of Billings v. Smith, 158 Mont. 197, 211, 490 P.2d 221.

Therefore, the study commission's powers did not end at the election on June 1, 1976, but terminated June 30, 1977.

Section 16-5115.9 gives the study commission permissive power to prepare additional reports as a supplement to its report, which is the proposed alternate form of government. Under this section a study commission would have jurisdiction to conduct a survey to determine the reasons why the electorate defeated or approved a proposed alternate form of government to establish the features of the existing form of government with which the electorate is satisfied and those with which it is dissatisfied. Such a survey is, as one study commissioner put it, rather like an autopsy, it does not benefit the deceased, but may shed light on similar problems in the future.

Section 16-5112(4), R.C.M. 1947, provides:

"The study commission may contract and cooperate with other agencies, public or private, as it considers necessary for the rendition and affording of such services, facilities, studies and reports to the study commission as will best assist it to carry out the purposes for which the study commission was established.* * *" (Emphasis added.)

- 3 -

Section 16-5112(5), provides:

"The study commission may do any and all other things as are consistent with and reasonably required to perform its function under this act."

The information gained from a voter attitude survey, whether before or after the approval or rejection of an alternative form of government would be consistent with the commission's authority granted by Ch.51, Title 16, R.C.M. 1947, if reasonable and not an abuse of discretion. Since the sole purpose of the 1972 Montana Constitutional provision on local government was to improve the delivery of local government services to the people, any reasonable attempt to ascertain voters' dissatisfaction with current or proposed governmental structure should be within the commission's jurisdiction.

In conformity with the foregoing interpretation, the judgment of the district court is reversed and the cause remanded with instructions to dismiss the writ of prohibition.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -